I concur in the majority's decision but write separately to address the serious inequities that result from the required application of the Public Duty Doctrine to the instant cases. The application of the Public Duty Doctrine results in the dismissal of Plaintiffs' claims, thereby denying Plaintiffs the justice they seek in the courts of this state.
The Order accurately depicts the lineage of cases that has led to this result, moving from Braswell to Stone, Hunt,Meyers, and finally Multiple Claimants. The North Carolina Supreme Court, in this line of cases, declared that the State's waiver of sovereign immunity, as reflected in the Tort Claims Act, was in fact limited. The Court has declared that private individuals, who have been injured by the negligence of the State, cannot recover unless the State made a promise to those individuals, or those individuals had a special relationship with the State. Neither a specific promise was made nor a special relationship existed in the instant cases and therefore these Plaintiffs are without redress.
The North Carolina legislature has acknowledged the injustice that results from the application of the Public Duty Doctrine. In response, the legislature created N.C. Gen. Stat. § 143-299.1A which limits the application and use of the Public Duty Doctrine to claims arising *Page 10 
under the State Tort Claims Act after October 1, 2008. Unfortunately for the Plaintiffs in the instant cases these claims arose in 2002, well before the effective date of the limiting statute.
I concur in the result of these matters only to the extent that I am constrained by the precedent and law that must be applied. In my examination of the applicable case law I note that the North Carolina Courts have not yet applied the Public Duty Doctrine to cases involving the North Carolina Department of Transportation. In fact, there is dicta to suggest that it may not apply at all. The Court of Appeals, discussing the strength of the Public Duty Doctrine defense asserted by DOT, states the argument may be of dubious strength. Walker v. N.C. Dept. ofTransportation, 173 N.C.App. 236, 617 S.E.2d 721 (2005). This Commission is not bound by dicta, but is bound by precedent. As there is no case that has denied the availability of this defense to the DOT, the holdings from the cases cited above lead me to concur in the decision made by the majority, however unjust that result may be.
 S/________________ DANNY LEE McDONALD COMMISSIONER *Page 1